UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONWIDE MUTUAL LIFE INSURANCE COMPANY, as Subrogee of Gary and Gina Greenalch,<br>　　　　Plaintiff,<br><br>v.<br><br>AMPHION MEDIA WORKS, LTD., GBM ADVANCED TECHNOLOGY INTERNATIONAL, INC., BEST BUY STORES LIMITED PARTNERSHIP,<br>　　　　Defendants,<br><br>v.<br><br>AB&T SALES CORP.<br>　　　　Third-Party Defendant. | 3:07-cv-947 (WWE) |

## MEMORANDUM OF DECISION ON
## THIRD-PARTY DEFENDANT'S MOTIONS TO DISMISS

This action arises from the claims of plaintiff Nationwide Mutual Life Insurance Company, as subrogee of Gary and Gina Greenalch, that a DVD player sold by defendant Best Buy Stores Limited Partnership ("Best Buy") and manufactured by Amphion Media Works, Ltd. ("AMW") and/or GBM Advanced Technology International, Inc. ("GBM") failed and/or malfunctioned leading to damage to the Greenalchs' home. Nationwide commenced suit against defendants asserting a claim under the Connecticut Products Liability Act, section 52-572m of the Connecticut General Statutes. Best Buy has asserted a third-party complaint against AB&T Sales Corp. ("AB&T") alleging claims of negligent misrepresentation, breach of warranty and breach of contract. AB&T now moves to dismiss the third-party complaint for lack of personal

1

jurisdiction (Doc. #26).

**BACKGROUND**

The following factual background is based on the allegations of third-party plaintiff Best Buy's complaint and the affidavits attached to the briefs.

Prior to July 1, 2005, the Greenalchs purchased a model AMW M-280 portable DVD player with an integrated model BT01 lithium battery, manufactured by AMW, from a Best Buy retail location. Nationwide alleges that the Greenalchs suffered destruction and damage to their real and personal property as a result of a fire caused by a malfunction and/or failure of the battery in the DVD player. Nationwide further claims that the DVD player was defective when it was manufactured and distributed and was unsafe for its intended purpose. Nationwide brought a cause of action against Best Buy, AMW and GBM. Best Buy has, in turn, brought a third-party cause of action against AB&T asserting that AB&T, in marketing, selling and supporting AMW's products, is liable for damages for breach of contract, breach of warranty and negligent misrepresentation.

Best Buy is a Virginia limited partnership with a principal place of business in Minnesota. It alleges that it has a usual place of business in Connecticut, among other states.

AB&T is a Delaware corporation with a principal place of business in Maryland. According to Richard Monarch, Vice President of Operation of AB&T, AB&T has never had any office or agent in Connecticut and has never solicited business in Connecticut. AB&T is a manufacturer's representative, which means that it arranges the sales and marketing for manufacturers, primarily of consumer electronics. Pursuant to a

Representative Sales Agreement by and between AMW and AB&T, AB&T was to present and familiarize the buying staffs of retailers, such as Best Buy, with AMW's products and to coordinate the processing of orders from retailers. In the course of its relationship with AMW, AB&T gave no attention or consideration to the locations in which AMW's products would be sold.

Best Buy claims that AB&T is a product seller and points out (1) its corporate name (i.e., AB&T Sales Corp.); (2) the contract between AB&T and AMW is entitled "Representative Sales Agreement" and provides that AB&T is AMW's representative "to establish, sell, support and train...;" (3) the provision of the agreement that provides that AB&T is AMW's "sole sales and marketing firm" for all United States retail channel accounts; (4) the provision of the agreement providing that AB&T "shall coordinate and establish an account network for the sales and marketing of [AMW]'s products;" and (5) that AB&T is to be paid commission by AMW for sales of AMW's products.

AB&T, on the other hand, contends that it took no action directed at the state of Connecticut and that it never took possession of or distributed any DVD player. AB&T alleges that it was simply a marketing agent.

## DISCUSSION

To survive a pretrial motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant. Kernan v. Kurz-Hastings, Inc., 175 F.3d 236, 240 (2d Cir. 1999). Prior to discovery, a plaintiff need only make a prima facie showing of jurisdiction through pleadings, affidavits and supporting materials. Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). All allegations are to be construed in the light most favorable to a

plaintiff and all doubts are to be resolved in plaintiff's favor, notwithstanding controverting evidence by defendant. A.I. Trade Finance Inc. v. Petra Bank, 989 F.2d 76, 79-80 (2d Cir. 1993).

The amenability of a nonresident to suit in a federal court in a diversity action is determined according to the law of the state where the court sits. Arrowsmith v. United Press Int'l, 320 F.2d 219, 223 (2d Cir. 1963). In Connecticut, the court makes a two-step inquiry. Bensmiller v. E.I. Dupont de Nemours & Co., 47 F.3d 79, 81 (2d Cir. 1995). The court first determines whether the exercise of jurisdiction over the party is conferred by Connecticut's long-arm statute. If jurisdiction is permissible under the long-arm statute, the court then determines whether the exercise of jurisdiction under the statute comports with the provisions of the Fourteenth Amendment's due process clause. Metropolitan Life Insurance Company v. Robertson-CECO Corp., 84 F.3d 560, 567 (2d Cir. 1996).

**I.    Long-Arm Jurisdiction**

Connecticut General Statutes section 33-929(f)(3), the relevant long-arm statute, provides that a foreign corporation is subject to suit in Connecticut:

> on any cause of action arising ... out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers.

Such foreign corporation may only be sued by "a resident of this state or by a person having a usual place of business in this state...." Conn. Gen. Stat. § 33-929(f)(3).

AB&T first argues that Best Buy Company, LLC, the original defendant/third-

party plaintiff in this suit, is a foreign corporation with a principal place of business outside Connecticut. Further, AB&T avers that Best Buy Company, LLC is not registered in Connecticut and does not maintain a certificate of authority to transact business in the state.

Since the filing of AB&T's motion, plaintiff and Best Buy filed a joint motion to substitute Best Buy for Best Buy Company, LLC, the original defendant, and amend the case caption (Doc. #35). The Court granted this motion (Doc. #38) and substituted Best Buy as a defendant in this case.

Best Buy does have a certificate of authority in the state of Connecticut and is, in fact, authorized to conduct business in this state. Therefore, because it alleges that it is a retailer with numerous store locations through the state, Best Buy has a "usual place of business" in Connecticut and can file suit within the state.

The Court must now determine whether AB&T is amenable to suit in Connecticut. Best Buy's cause of action against AB&T stems from AB&T's contract with AMW. Pursuant to that agreement, AB&T was AMW's representative to "establish, sell, support, and train [AMW]'s account and dealer base." Although not explicitly listed, the parties agree that Best Buy was contemplated as a member of AMW's account and dealer base.

Distilled to its essence, the third-party complaint alleges that AB&T arranged for the sale of AMW's products to Best Buy, a national retailer with locations within the state of Connecticut. In his affidavit, Monarch affirms that AB&T has no office or agent in Connecticut, has never solicited business in Connecticut, had no communications with AMW in or about Connecticut, has had no officer, employee or agent visit

5

Connecticut regarding the agreement with AMW and does no business in Connecticut. Based on these averments, the long-arm statute does not support jurisdiction over AB&T in Connecticut. See Fuehrer v. Owens-Corning Fiberglas Corp., 673 F. Supp. 1150, 1154 (D. Conn. 1986) (finding no long-arm jurisdiction in similar facts as the instant case).

Contrary to Best Buy's contentions, AB&T did not make any sales that would open it to jurisdiction in Connecticut. Best Buy does not allege that AB&T marketed any products in Connecticut or conducted any business with Best Buy with regard to Connecticut. Further, the simple act of selling a product to retailers with locations in Connecticut does not lead to jurisdiction under Connecticut's long-arm statute. See Am. Wholesalers Underwriting, Ltd. v. Am. Wholesale Ins. Group, Inc., 312 F. Supp. 2d 247 (D. Conn. 2004); Hagar v. Zaidman, 797 F. Supp. 132 (D. Conn. 1992).

## II.     Fourteenth Amendment Due Process

Because Best Buy cannot invoke Connecticut's long-arm statute to assert jurisdiction over third-party defendant AB&T, the Court has no occasion to consider whether such jurisdiction would be constitutionally permissible under the "minimum contacts" test of Int'l Shoe Co., v. Washington, 326 U.S. 310 (1945). The Court notes that, based on the International Shoe test as interpreted by subsequent cases, it is highly doubtful that the court could find that AB&T's conduct and connections with Connecticut are such that they should reasonably anticipate being haled into court here. See Wide-World Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

## CONCLUSION

For the foregoing reasons, the Court GRANTS AB&T's motion to dismiss (Doc. #26). The Clerk is instructed to terminate third-party defendant AB&T.

Dated at Bridgeport, Connecticut, this 25th day of June, 2008.

/s/
Warren W. Eginton
Senior United States District Judge